## McMILLAN *vs.* AMBROSE.

The only question brought up for review in this case is one of fact, and the discretion of the judge below will not be interfered with.

.May 4, 1888.

*Certiorari.*   Before Judge Hutchins.   Gwinnett superior court.   September term, 1887.

In an affidavit for possessory warrant sued out by J. D. Ambrose, the property was described as "a certain bee-gum, with bees in it, of the value of $2, the same that was at Mrs. Dyar's for several weeks."   At the trial in a justice's court, the property was awarded to plaintiff. The defendant sued out a *certiorari,* assigning error in that the justice erred in not dismissing the warrant because the bee-gum was not properly described; also in letting plaintiff's witnesses testify as to sayings of one party in the absence of the other, and then refusing to let defendant's witnesses testify to the same facts; also in not allowing J. D. Ambrose to be called back to the stand to explain his testimony; also in entering judgment contrary to evidence, etc.

By the answer of the magistrate, it appeared that on the trial, the plaintiff showed that his brother Thomas had bought three bee-gums at an administrator's sale at the Dyar place; that he sold one to McMillan and carried one home and sold the third to plaintiff; that plaintiff went, next morning, to settle for the articles his brother had bought and found there his bee-gum which he had bought from his brother; that he took possession of it, and left it there in the possession of one Hill, his agent, to keep for him; that he told Hill it was his and Hill promised to keep it for him; and when he went back for it about eight weeks afterwards, he found that McMillan had carried it off.

The defendant showed that he had bought both gums from plaintiff's brother on the day the latter bought them; that he bought the two gums from Thomas Ambrose which were not carried off by Thomas on the day the latter bought them; that he covered up one of

the gums and carried off the other; and that, on being informed by Hill that he wanted the gum which had been left with him moved, he went back and carried it home in the day time.

Both plaintiff and defendant were shown to be of good character. One of plaintiffs witnesses swore that when McMillan came back to the Dyar place the day after the sale, he told witness that he would give Ambrose fifteen cents for the gum; but this was denied by defendant. Defendant also showed that he and Thomas Ambrose went to the parties in charge of the sale and tried to get the entry of a bid for two of the gums changed from Ambrose to the defendant; but this was refused, they being told that they must arrange it between themselves.

The magistrates further answered that the description in the affidavit was full enough to notify the sheriff to seize the property and arrest the defendant and that it was sufficient. They denied that they gave one side more advantage than the other as to the testimony; and stated that they did rule out hearsay evidence as to what McMillan said about the trade when Ambrose was absent, and would have done the same as to Ambrose.

The *certiorari* was dismissed, and the defendant excepted.

L. F. McDONALD and F. F. JULIAN, for plaintiff in error.

C. H. BRAND, *contra*.

SIMMONS, Justice.

The official report shows the facts in this case. No error of law is alleged in the rulings of the court below. The only question brought here for review is a question

of fact; and that is as to who had the legal possession of this bee-gum at the time 'it was taken by McMillan. The magistrate on the trial of the possessory warrant case found that Ambrose was in possession thereof. The judge of the superior court decided that the magistrate was right. Both of the courts below having decided in favor of the defendant, we see no reason to reverse their finding.

Judgment affirmed.